IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BURMAN Y. MATHIS                    :

                                              :

    v.                              :   Civil Action No. DKC 12-1777

                                              :

DAVID S. GOLDBERG, et al.           :

                                              :

**MEMORANDUM OPINION**

Presently pending and ready for review in this breach of contract and fraud case are the motions for a hearing pursuant to Federal Rule of Evidence 201(e) (ECF No. 29), for reconsideration (ECF No. 30), for sanctions (ECF No. 32), for recusal (ECF Nos. 31, 33), and for judicial notice (ECF Nos. 34, 35, 40, 41, 42) filed by Plaintiff Burman Mathis.  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motions will be denied.

**I.   Background**

On February 12, 2013, the court issued a memorandum opinion and order dismissing some of Plaintiff's claims against Defendants Goldberg and Skok, and entering summary judgment on those remaining.  (ECF Nos. 27, 28); *see also Mathis v. Goldberg*, No. 12-1777, 2013 WL 524708 (D.Md. Feb. 12, 2013). The facts of this case are contained in that memorandum opinion

and will not be recounted here.   On March 4, Plaintiff filed a motion for reconsideration.  (ECF No. 30).  In the following two weeks, Plaintiff filed an additional nine motions, making nearly identical arguments to those contained in his motion for reconsideration.  (ECF Nos. 29, 31-35, 40-42).

## II.  Motions for Recusal

Pursuant to 28 U.S.C. § 144 and 455, Plaintiff moves for recusal of the undersigned because "her impartiality might reasonably be questioned" (ECF No. 31, at 1), and issues raised in this case may "potentially open former judge Howard Chasanow's business . . . to large liability" (ECF No. 33, at 1).

Plaintiff's motion is not proper under § 144.  Section 144 requires, *inter alia*, that Plaintiff file an affidavit with facts to support that bias exists and also "a certificate of counsel of record stating that [the affidavit] is made in good faith.  *See Molinaro v. Watkins-Johnson CEI Div.*, 359 F.Supp. 474, 476 (D.Md. 1973) ("[T]he affidavit is strictly construed against the affiant, for a judge is presumed to be impartial . . . The affidavit, to be sufficient, must identify and carefully delineate time, place, persons, occasions, and circumstances supporting the belief of bias or prejudice.").  Plaintiff's affidavit fails to comply with basic form requirements that § 144 demands, including "a certificate of counsel of record

stating that it is made in good faith." 28 U.S.C. § 144. Plaintiff cannot supply such a certificate because he has no counsel of record. *See Morse v. Lewis*, 54 F.2d 1027, 1032 (4th Cir. 1932), *cert. denied* 286 U.S. 557 (1932) (interpreting predecessor statute to § 144 to require certificate to be signed by an attorney regularly admitted to practice before that court and concluding that the purpose of requiring a certificate of good faith by counsel of record "is one of the safeguards provided by the act to insure as far as possible that no affidavit of prejudice will be made except in good faith"); *Green v. Stevenson*, No. 12-432, 2012 WL 2154123, at *2 (E.D.La. June 13, 2012) (holding that "a *pro se* litigant may not use 28 U.S.C. § 144 as a means to seek recusal"); *Murray v. Nationwide Better Health*, No. 10-3262, 2012 WL 698278, at *1 (C.D. Ill. Mar. 1, 2012) (concluding that *pro se* plaintiff cannot proceed under Section 144); *U.S. v. Bravo Fernandez*, 792 F.Supp.2d 178, 184 (D.P.R. 2011) (citing *Morse* 54 F.2d at 1032) (concluding that certificate signed by attorney admitted to the court *pro hac vice* did not meet the requirements of § 144). Thus, Plaintiff's motions are considered as being brought under 28 U.S.C. § 455.

Section 455(a) requires a federal judge to recuse herself "in any proceeding in which h[er] impartiality might reasonably

be questioned." 28 U.S.C. § 445(a).  This issue is determined by an objective standard:

> a judge must disqualify h[er]self whenever h[er] impartiality might reasonably be questioned.   In   other   words, disqualification is required if a reasonable factual basis exists for doubting the judge's impartiality.   The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial.  A presiding judge is not, however, required to recuse h[er]self simply because of unsupported, irrational or highly tenuous speculation.  Put simply, the proper test to be applied is whether another with knowledge of all of the circumstances might reasonably   question   the   judge's impartiality.

*United   States   v.   Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (internal quotation marks and citations omitted).  Plaintiff presents no evidence that would cause a well-informed observer to question the impartiality of the undersigned.

First, "[a]lleged bias and prejudice to be disqualifying [under § 455] must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from h[er] participation in the case."  *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984).  Indeed, on their own, judicial rulings "almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Acknowledging this general rule, Plaintiff argues that the undersigned's judicial conduct in this case rises to the rare level that requires recusal. "[T]he only cases where courts have granted recusal motions based on in-trial conduct tend to involve singular and startling facts." *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011). Such cases include those where the judge noted that German-Americans have hearts "reeking with disloyalty"; where the judge made clear from the beginning of the case that his object was to "recover funds that the defendants had taken from the public"; and also where the judge "directed profanities at Plaintiffs or Plaintiffs' counsel over fifteen times and perfused to allow the plaintiffs to present argument at the sanctions hearing." *Id.* (citiations and internal quotation marks omitted). Finding in Defendants' favor on summary judgment and on motions to dismiss does not rise to this level of misconduct. Therefore, Plaintiff's first motion for recusal, which only examines what Plaintiff perceives to be errors and inconsistencies with the February 12 memorandum opinion (ECF Nos. 27, 28), will be denied.

Plaintiff's second motion for recusal points out that the undersigned's husband is a private mediator and surmises that finding against Defendant Goldberg in this matter might create precedent that would be harmful to his business. (ECF No. 33). Section 455(b)(5)(iii) of Title 28 requires a judge to

disqualify herself if her spouse "[i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding."

For recusal to be proper under this section of the statute, either the judge or her spouse must *directly* benefit from the outcome of the case. *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1313 (2[d] Cir. 1988), *cert. denied*, 490 U.S. 1102 (1989) (noting that "where an interest is not direct, but is remote, contingent or speculative, it is not the kind of interest which reasonably brings into question a judge's partiality"); *see also, e.g.*, *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1041-42 (9th Cir. 2011) (applying § 455(b)(5)(iii) and concluding that recusal was not warranted even though judge's husband served on the board of an organization that would benefit from the *cy pres* distribution proposed in the case, because, as one of fifty volunteer board members, he received no direct benefit from the distribution); *Sensley v. Albritton*, 385 F.3d 591, 600-01 (5th Cir. 2004) (finding that judge did not abuse discretion by refusing to recuse himself under § 455(b)(5)(iii) where his wife worked as an Assistant District Attorney in a different branch of District Attorney's office than the one representing the parties in the current case, and she had no direct personal or financial relationship with the parties); *In re Kan. Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1364-65

(8th Cir. 1996) (finding no abuse of discretion in denying recusal where, during pendency of litigation, judge's daughter accepted defendant's employment offer to be associate attorney in defendant's firm); *CACI Intern., Inc. v. Pentagen Techs. Intern., Ltd.*, 70 F.3d 111, at *6 (4th Cir. 1995) (unpublished table decision) (affirming denial of defendant's recusal motion where judge's husband had previously awarded $25,000 grant to plaintiff and had interest in the general subject matter of the pending case, because neither the judge nor her husband had any interest that could be "substantially affected" by the outcome of the case); *Hunt v. Am. Bank & Trust of Baton Rouge*, 783 F.2d 1011 (11th Cir. 1986) (holding that a judge's law clerk's acceptance of employment offer from law firm representing a party before the judge did not require recusal because that clerk was not participating in that specific case).

Accordingly, recusal is not required where, as here, a judge's spouse merely practices in the area of law covered in the case, and has no other personal involvement or direct interest in the case. "A judge is not required to abstain from hearing an entire class of cases because his or her spouse, as an attorney, participates in such cases, and any such construction of 28 U.S.C. § 455 would quickly bring the judicial business of the federal courts to a complete halt." *Kuhlman v. A.W. Chesterton, Inc.*, No. 10-119, 2010 WL 910481, at *1

(S.D.Ill. Mar. 9, 2010).   Therefore, because the undersigned's husband has no interest in the case, Plaintiff's motions to recuse will be denied.

## III. Standard of Review

A motion for reconsideration filed within 28 days of the underlying order is governed by Federal Rule of Civil Procedure 59(e).   Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e):   (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct clear error of law or prevent manifest injustice.   *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).   A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."   *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, et al., Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)).   Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding."   *Id.* (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996))

(internal marks omitted).    "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'"    *Id.* (quoting Wright, et al., *supra*, § 2810.1, at 124).

## IV.  Analysis

Plaintiff has not sufficiently addressed any of the grounds for reconsideration under Rule 59(e), nor does any appear to be applicable.    Rather, he mostly rehashes the same arguments considered and rejected by the court in deciding the prior motions.    *See Sanders v. Prince George's Pub. Sch. Sys.*, No. RWT-08-501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011) (a motion for reconsideration is "not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request").    He also raises a few new arguments that were not raised earlier, but these arguments likewise do not address the grounds for reconsideration under Rule 59(e).

Specifically, regarding claims on which summary judgment was entered on the basis of collateral estoppel, Plaintiff re-argues that:    (1) the issues were not actually litigated in state circuit court because he was not fully allowed to introduce evidence and cross-examine witnesses; (2) that some of the facts raised in his complaint here arose after the October 2009 hearing; (3) mental illness precluded him from effectively

litigating in state court; (4) Defendant Goldberg's fraud and destruction of evidence precluded judicial review of his claims; (5) his fragile mental health prevented him from effectively preparing for and appealing the October 2009 hearing and resulting ruling;[1] (6) he did not agree to be estopped from litigating these issues a second time; and (7) he did not actually present certain of his legal arguments during the oral hearing in October 2009.   Regarding the claims that were dismissed, Plaintiff re-argues that his intentional infliction of emotional distress claim should survive because Defendant Goldberg exploited his position of power over Plaintiff, and that the court's conclusions of law regarding his Section 1983 claims are incorrect.   Plaintiff made all of these arguments in his opposition papers to Defendants' original motions, and they are no more availing now.   Further, Plaintiff cites to no authority to support that reconsideration is warranted on the

---

[1] Plaintiff notes that "fuller procedural opportunities" are available to him in federal court than were available in state court.   He cites this as grounds for not applying collateral estoppel.   The only difference in procedure that Plaintiff argues is prejudicial, however, is the amount of time that he would be afforded to prepare for litigation, and that during the shorter, thirty-day window in which he could bring his claims to state court, he was suffering from severe depression.   He does not dispute that he actually filed briefs or presented arguments at the hearing.

basis of these arguments and that the February 12, 2013 order should be altered.

Plaintiff asserts one new argument against the application of the collateral estoppel doctrine:  he is faced with a lesser burden of persuasion here, making collateral estoppel inappropriate as a matter of law.  Plaintiff also argues for the first time that his fraud claim against Defendant Skok should not be dismissed because Defendant Goldberg never actively disagreed with Ms. Skok's attorney fee recommendation.[2]  He further asserts that if his arguments fail, he should be permitted to amend his complaint on this claim of fraud.

### A.   Plaintiff's Burden of Persuasion

Citing the Second Restatement of Judgments, Plaintiff argues that applying the doctrine of collateral estoppel is inappropriate where he faced a higher burden of persuasion in the previous proceeding.  Restatement (Second) of Judgments § 28(4).  He argues that before the circuit court, he was required to prove that Defendant Goldberg manifestly disregarded the law. This does not appear to be the case; Plaintiff was subject to the same burden of persuasion before the circuit court as he is before this court.  In Maryland, where, as here, a party to an

---

[2] It is not clear what bearing this argument has on the sufficiency of Plaintiff's fraud claim against Defendant Skok, and it does not demonstrate an error of law or manifest injustice meriting reconsideration of the claim.

arbitration agreement governed by the Maryland Uniform Arbitration Act challenges the validity of the arbitration agreement, the arbitrator is not afforded deference. *Stephen L. Messersmith, Inc. v. Barclay Townhouse Assocs.*, 313 Md. 652, 659-661 (Md. 1988). Rather, that agreement is subject to judicial review, and the court, "based upon its independent assessment of the evidence," construes the arbitration agreement. *Id.* at 663; *see also Montgomery Cnty. v. Fraternal Order of Police, Montgomery Cnty. Lodge 35*, 427 Md. 561, 571 (2012) (noting that a circuit court, "when confronted with a petition to either stay arbitration or vacate an award, . . . 'engages in a *de novo* review, including an independent assessment of the evidence.'") (citations omitted).

The circuit court did not afford Defendant Goldberg's construction of the arbitration agreement any deference when construing that contract. Accordingly, Plaintiff was not subject to a higher burden of persuasion in the 2009 hearing, and the application of collateral estoppel as to his claims brought here was appropriate. Plaintiff does not proffer any new evidence that was previously unavailable, advance any intervening change in controlling law, or identify any clear error that would warrant revising the court's earlier conclusion. Accordingly, Plaintiff's motion for reconsideration will be denied.

**B.   Motion to Amend the Complaint**

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be freely given "when justice so requires." Thus, "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). An amendment is futile if it would fail to withstand a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). Consequently, leave to amend should be denied if the well-pleaded facts in the proposed new complaint do not amount to a "showing" that the plaintiff is entitled to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (explaining that a "showing" is more than the "mere possibility of misconduct").

In seeking leave to file a third amended complaint, Plaintiff simply argues that his fraud claim against Defendant Skok, as included in the second amended complaint, should not have been dismissed. Because, for the reasons discussed in the memorandum opinion of February 12 (ECF No. 27), any amendment to Plaintiff's complaint would be futile, leave to file a third amended complaint will be denied.

C.   **Additional Motions**

Also pending are Plaintiff's motions for a hearing pursuant to Federal Rule of Evidence 201(e), for judicial notice, and for sanctions.  Because the documents referenced in Plaintiff's Rule 201 motion and all five motions for judicial notice were already considered pursuant to Defendants' summary judgment motions, they are superfluous and will be denied.  Plaintiff's motion for sanctions, filed pursuant to Fed.R.Civ.P. 11, will also be denied.

"[T]he central purpose of Rule 11 is to deter baseless filings in District Court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  The decision to impose Rule 11 sanctions is within the sound discretion of the district court.  *Ost-West-Handel Bruno Bischoff GMBH v. Project Asia Line, Inc.*, 160 F.3d 170, 177 (4th Cir. 1998). Under Rule 11, by presenting a pleading or written motion to the court, an attorney "is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading or motion is, among other things, "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" and

14

that its "allegations and other factual contentions have evidentiary support ." Fed.R.Civ.P. 11(b).

There is a difference between a losing case and a frivolous case: "We have recognized that maintaining a legal position to a court is only sanctionable when, in 'applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified.'" *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002) (quoting *In re Sargent*, 136 F.3d 349, 352 (4th Cir. 1998)).  Thus, to avoid sanctions, an "allegation merely must be supported by *some* evidence." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1377 (4th Cir. 1991) (emphasis in original).  Furthermore, "[m]otions for sanctions are to be filed sparingly," and "[t]he keynote is cooperation and simple solutions, not paperwork and unnecessary expense to clients." *Thomas v. Treasury Mgmt. Ass'n, Inc.*, 158 F.R.D. 364, 366 (D.Md. 1994).

As discussed in the memorandum opinion of February 12, Defendants' positions were well taken and supported by the record.  Defendants' motions were granted, rendering sanctions inappropriate.  At bottom, Plaintiff disagrees with Defendants' representation of the facts of this case and is aggrieved by this court's rulings in Defendants' favor.  This, however, is no

basis for imposing sanctions, and Plaintiff's motion will be denied.

## V. Conclusion

For the foregoing reasons, Plaintiff's motions will be denied. A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
