IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BURMAN Y. MATHIS             :
                             :
    v.                       :    Civil Action No. DKC 12-1777
                             :
DAVID S. GOLDBERG, et al.    :
                             :

**MEMORANDUM OPINION**

Presently pending and ready for review in this breach of contract and fraud case are the motions for recusal (ECF No. 50) and for leave to file a second amended complaint (ECF No. 51) filed by Plaintiff Burman Mathis. The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions will be denied.

**I.  Background**

On February 12, 2013, the court issued a Memorandum Opinion and order dismissing some of Plaintiff's claims against Defendants Goldberg and Skok, and entering summary judgment on those remaining. (ECF Nos. 27, 28); *see also Mathis v. Goldberg*, No. 12-1777, 2013 WL 524708 (D.Md. Feb. 12, 2013). The facts of this case are contained in that memorandum opinion and will not be recounted here. On March 4, Plaintiff filed a motion for reconsideration. (ECF No. 30). In the following two

weeks, Plaintiff filed an additional nine motions, making nearly identical arguments to those contained in his motion for reconsideration. (ECF Nos. 29, 31-35, 40-42).[1] On March 25, 2013, the court issued a memorandum opinion and order denying all of Plaintiff's motions. (ECF Nos. 44, 45); *see also see also Mathis v. Goldberg*, No. 12-1777, 2013 WL 1231898 (D.Md. Mar. 25, 2013). On March 28, 2012, Plaintiff filed a third motion for recusal and a motion for leave to file an amended complaint. (ECF Nos. 50, 51). Again, those motions made nearly identical arguments as those contained in Plaintiff's original motion for reconsideration.

On April 5, 2013 Plaintiff filed a notice of appeal from this court's Order that issued on March 25, 2013. (ECF No. 53). On April 18, 2013, Defendant Skok filed an opposition to Plaintiff's pending motions. (ECF No. 56).

**II. Analysis**

As a general rule, "the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals." *Grand Jury Proceedings Under Seal v. United*

---

[1] These motions included motions for a hearing pursuant to Federal Rule of Evidence 201(e) (ECF No. 29), for reconsideration (ECF No. 30), for sanctions (ECF No. 32), for recusal (ECF Nos. 31, 33), and for judicial notice (ECF Nos. 34, 35, 40, 41, 42).

2

*States*, 947 F.2d 1188, 1190 (4th Cir. 1991); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*) (noting that "[t]he filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal") (citations omitted). There is an exception for matters in aid of the appeal. *Grand Jury Proceedings Under Seal*, 947 F.2d at 1190. In Plaintiff's motion for recusal and in his motion for leave to file a second amended complaint, Plaintiff requests that "this Court stay review of this motion until after appeal, which Plaintiff will file shortly." (ECF Nos. 50, at 1); *see also* (ECF No. 51, at 1).

Both of Plaintiff's motions rehash arguments that this court has already considered, and they come more than a month after the final decision issued and judgment was entered. At the present stage of the case, there is nothing more for the undersigned to do in the case. The judgment is on appeal to the United States Court of Appeals for the Fourth Circuit. As Plaintiff acknowledges, this court's further consideration of his arguments will not aid the appeal. Therefore, the motions for recusal and for leave to file a second amended complaint are moot and will be considered, if at all, in the event that the case should be remanded or the appellate court so directs. *See*

3

*Thomas v. Northeastern Univ.*, 470 F.App'x 70, 71-72 (3[d] Cir. 2012) (*per curiam*) (affirming district court's denial of motion for leave to file an amended complaint filed after dismissal of original complaint because pending appeal divested the district court of jurisdiction); *Christian v. United States*, No. MJG-06-1437, 2008 WL 6582216, at *2 (D.Md. Mar. 12, 2008) (denying motion for recusal filed after summary judgment was entered because pending appeal divested district court of jurisdiction).

**V. Conclusion**

For the foregoing reasons, Plaintiff's motions will be denied. A separate Order will follow.

                         /s/
          DEBORAH K. CHASANOW
          United States District Judge